**UNITED STATES ex rel. MARKARIAN et al. v. TOD, Commissioner of Immigration.**

(Circuit Court of Appeals, Second Circuit. June 4, 1923.)

No. 89.

Aliens ⊝51½, New, vol. 16A Key-No. Series—Alien, returning from temporary visit abroad, can bring with him his wife, notwithstanding admission of quota.

  Though Quota Act May 19, 1921, does not expressly permit wives of aliens who are entitled to enter to come in with their husbands after the quota from their country has been admitted, that act must be construed with Immigration Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), and when so construed permits an alien merchant, who was returning from a temporary visit abroad, where he had been married, to bring in with him his wife, though the full quota from their country had previously been admitted.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus proceedings by the United States, on the relation of George Markarian and another, against Robert E. Tod, Commissioner of Immigration. From an order of the District Court, dismissing the writ and directing that relators be refused admission to the United States, relators appeal. Reversed and remanded, with directions to discharge relators.

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Rorke & Kane, of New York City (Alexander I. Rorke, of New York City, of counsel), for appellants.

William Hayward, of New York City (James C. Thomas, Jr., Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MAYER, District Judges.

PER CURIAM. George Markarian is an Armenian, and came to the United States on or about the 1st of January, 1913. He continuously resided in this country and was engaged in mercantile business in Boston until the latter part of 1921, and during that time he declared his intention of becoming a citizen. He returned to some portion of what before the war was the empire of Turkey in the fall of 1921, and there is satisfactory undenied evidence that he went for the purpose of getting married and intended to return. He did so return, accompanied by the wife (Henazante) in March, 1922.

It does not appear from the record that any question was made as to the husband's right of entry; but, the Turkish quota having been exhausted, admission was refused the wife. The husband thereupon stated that he could not abandon his wife and would rather go back with her than be admitted alone, whereupon both were excluded and this habeas corpus proceeding was instituted. The lower court held that the Quota Act excluded the wife, dismissed the writ, and remanded relators.

This case is in substance governed by our decision in United States ex rel. Gottlieb v. Commissioner of Immigration, 285 Fed. 295 (Opinion filed November 17, 1922), to which decision this court adheres. It was there held that the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), and the Quota Act of May 19, 1921 (42 Stat. 5), are to be construed together and in a reasonable manner. It was therefore held that, since ministers of any established religion might enter without regard to many of the restrictions of the statutes referred to, their lawful wives might also so enter, notwithstanding the failure of the Quota Act of 1921 to mention such wives, although they are named in the act of 1917.

The reasoning of that case applies to the present litigation. George Markarian is a merchant; he is also an alien who had declared his intention to apply for citizenship; he was returning from a temporary visit abroad. He was therefore personally entitled to entrance. The only objection to the wife is the quota. The same reasoning which in the Gottlieb Case permitted the entrance of the extra quota wives of ministers, gives admission to the extra quota wives of aliens returning from a temporary visit abroad.

Order reversed, and cause remanded, with directions to discharge relators.