### In re KESHISHIAN et al.

(District Court, S. D. New York. March 11, 1924.)

1. Aliens ⊂⊃49—Separation from husband and father did not justify exclusion of wife and children on ground that they were likely to become a public charge.

The exclusion of one child because the quota for the country of her birth was exhausted, and exclusion of father as accompanying alien, under Immigration Act, § 18 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼j), did not justify exclusion of the mother and other children on the ground that they were likely to become public charges, merely because separated from husband and father.

2. Aliens ⊂⊃49—Support at expense of public must be likely to justify exclusion on ground aliens are likely to become a public charge.

In order that aliens be excluded on the ground that they are likely to become a public charge, there must be evidence that they are likely to be supported at the expense of the public.

3. Aliens ⊂⊃51½, New, vol. 16A Key-No. Series—Alien merchant and family within application of Quota Act.

An alien merchant, who had never before been in the United States and who intended to remain permanently, had a right of admission, together with his wife and minor children under 16 years of age, under Basic Act, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), but was not for that reason exempted, with his wife and minor children, from the application of the Quota Act (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd).

Habeas Corpus. Petition for writ in behalf of Garabet Keshishian and his family. Writ dismissed as to Garabet Keshishian and as to Lousnig Keshishian, one of his children, and sustained as to the others.

Vahan H. Kalenderian, of New York City, for petitioners.

William Hayward, U. S. Atty., of New York City (James C. Thomas, of New York City, of counsel), opposed.

GODDARD, District Judge. **[1, 2]** Petition for writ of habeas corpus in behalf of a father and mother and four children. One of the children, 3 years of age, Lousnig Keshishian, was excluded by the board of special inquiry, as affirmed by the Secretary of Labor, for the reason that the quota for the country of her birth, to wit, Cyprus (Other Asia), was exhausted prior to her arrival. Medical certificate was issued in accordance with the provisions of the statute, certifying to her helplessness from infancy. The father, therefore, was excluded as accompanying alien, under section 18 of the Immigration Act of February 5, 1917 (39 Stat. 874 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼j]). The balance of the family, the mother and the other three children, were excluded as persons likely to

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

become public charges. From the evidence contained in the record, I find there is no foundation for the claim that the mother and three children are likely to become public charges, merely because they will be separated from husband and father. In order to constitute them likely to become a public charge, there must be evidence that they are likely to be supported at the expense of the public. I find no evidence in the record of that fact.

The petitioner specifically relies upon the late decisions of the United States Circuit Court of Appeals in this circuit for his relief, to wit, the case of United States ex rel. Gottlieb v. Commissioner, 285 Fed. 295; United States ex rel. Markarian v. Commissioner, 290 Fed. 198. In the Gottlieb Case it is to be noted that the petitioner there had a right under the Basic Act, as well as a right of admission under the Quota Act (Comp. St. Ann. Supp. 1923, § 4289½–4289½dd), as he was a "minister of a religious denomination"; the Circuit Court of Appeals holding that under the Basic Act he, with his wife and minor children, were exceptions from the excluding provisions, and that he was an exception from the excluding provisions of the Quota Act. Likewise in the Markarian Case, Markarian was an exception from the excluding provisions of the Basic Act, as he was a merchant. He had already been in the United States for some eight years and had gone out, and under the Quota Act was permitted to return as an "alien returning from a temporary visit abroad."

Keshishian, in the instant case, had never been to the United States, is coming to remain permanently, and therefore receives no right under the Quota Act as an exception. Following the decision in the Gottlieb Case, Keshishian has a right of admission under section 3 of the Basic Act as a Merchant, as also has his wife and minor children under 16 years of age. As pointed out by Judge Rogers in the Gottlieb decision at page 298, the Quota Act mentioned certain specified classes as exceptions to this provision of limitation, among them "ministers of any religious denomination." These classes are admissible, even though the quota for their nationals has been exhausted.

This presented the following situation: A case where a minister and his wife and children had a right of admission under the Basic Act, and the minister a right of admission under the Quota Act, but the Quota Act failed to mention his wife and minor children. Judge Rogers then said:

"In construing these statutes it is, of course, the duty of the court to endeavor to ascertain the intention and policy of Congress in the enactment of the legislation in question, and then to make practical application of that intention to the facts of this case. The fundamental rule of interpretation is that a statute is to be expounded 'according to the intent of them that made it.'"

Further, Judge Rogers said:

"A construction of a statute which would lead to an absurd result is to be avoided, if possible."

And in his final paragraph Judge Rogers said:

"Keeping in mind the above rules of interpretation, we construe the acts of 1917 and 1921 as one statute; the second act being, as provided therein, an addition to, and not a substitute for, the first act. The effect of the second act is to add to the classes excluded under the original act an additional class

to those previously excluded, but it does not deprive those to whom a right of entry was expressly given in the first act of the right so granted. Neither the letter nor the spirit of the second act calls for a construction imputing to Congress the intention to create a condition so unreasonable and absurd as to admit a minister while at the same time excluding the members of his family."

It appears that the crux of the entire Gottlieb decision is based on the last sentence quoted above; the court saying that it would be an unreasonable construction of the two statutes to say that he should have a right of admission under the Basic Act together with his wife and minor children, and to say that he should have a right under the Quota Act without his wife and minor children. In other words, the court held that Congress had no intention to separate the minister and his wife.

[3] In the case at bar Keshishian, under the Gottlieb decision, had a right of admission under the Basic Act, together with his wife and minor children under 16 years of age, as he came within the exceptions included under section 3 of the Basic Act as a merchant; but four years later, when Congress passed the Quota Act limiting immigrants, it did not give to the merchant a right of admission under the Quota Act, as it did in the Basic Act, so under the Quota Act Keshishian is not entitled to admission.

There is a clear distinction between the Gottlieb and Markarian Cases and this case. In the Gottlieb Case, Gottlieb had a right of admission under the Basic Act together with his wife and children, and Gottlieb himself had a right of admission under the Quota Act, and when Congress gave Gottlieb the right of admission under the Quota Act, and construing the two acts together, so as to follow its constant policy of not separating a husband from his wife and family, it must have intended to admit the wife and minor children with the husband and father.

Judge Rogers has pointed out that Congress has the right to prescribe who shall and who shall not come into the United States. It did not make a merchant an exception under the Quota Act, as it did ministers of the religious denomination. Keshishian, therefore, cannot be heard to say that his case is like the Gottlieb Case, because he himself had no right of admission, and Congress, not intending that he should come in, therefore could not have intended that his wife and minor children might come in. To hold to the contrary would be giving to an alien merchant a right greater than that enjoyed by a citizen merchant now residing in the United States, for the third proviso of section 2, subdivision d, provides as follows:

"That in the enforcement of this act, preference shall be given as far as possible to the wives * * * of (1) citizens of the United States. * * *" Comp. St. Ann. Supp. 1923, § 4289½a.

If the wife and other three children desire to be separated from their husband and father, and to come into this country, the writ will be sustained as to them, for the only ground charged by the board of inquiry for excluding them is that they are likely to become a public charge; but as to the father and daughter, Lousnig Keshishian, the writ is dismissed.